IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ROBERT M. LEWIS )
and LAURA J. LEWIS, )
)
Plaintiffs, ) TC-MD 250612G
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **DECISION**

Plaintiffs appeal Defendant's denial of the refund they claimed on their amended return

for 2021, filed more than three years after the original return. This case is ready for decision on

Defendant's Motion for Summary Judgment.

## I. FACTS AND LEGAL DEVELOPMENTS

In 2018, Plaintiffs suffered loss from the Camp Fire in Paradise, California, and in

subsequent years they received money in settlement of litigation arising from that wildfire.

(Ptfs' Compl at 4.) Plaintiffs timely filed a 2021 Oregon return reporting their 2021 settlement

proceeds as income on February 15, 2022. (*Id*.; Def's Mot Summ J at 1.)

In 2024, Oregon enacted SB 1520, under which money received in settlement of wildfire-

related litigation is excluded from Oregon taxable income. ORS 316.866 (2025).[1] The act

created a limited exception to ORS 314.415(2)'s three-year limit on refund claims for tax years

2018 to 2020:

/ / /

---

[1] Unless otherwise indicated, the court's references to the Oregon Revised Statutes (ORS) are to 2023. Two sections of SB 1520 (2024) were codified as ORS 316.866 and 316.867 (2025).

"(1) Any taxpayer who seeks refunds due to exemption of amounts from taxation as provided in section 2 or 3 of this 2024 Act, as applicable to tax years beginning on or after January 1, 2018, and before January 1, 2021, shall file an amended return for the applicable tax year.

"(2) Notwithstanding ORS 314.415(2), a taxpayer may file a claim for a refund described in subsection (1) of this section at any time prior to May 15, 2025.

"(3) A refund described in this section does not bear interest under ORS 305.220."

Or Laws 2024, ch 50, § 5.

On December 12, 2024, the Federal Disaster Tax Relief of 2023 became effective, excluding wildfire-related payments from gross income under the Internal Revenue Code (IRC). Pub L 118-148, § 3, 138 Stat 1675 (2024). Section 3(e) of that act extended IRC section 6511(a)'s limitations period for claiming federal refunds due to the wildfire payment exclusion:

"(e) EXTENSION OF PERIOD OF LIMITATION.—In the case of a claim for credit or refund which is properly allocable to the exclusion which is described in subsection (a)—

"(1) the period of limitation prescribed in section 6511(a) of the Internal Revenue Code of 1986 for the filing of such claim shall be treated as not expiring earlier than the date that is 1 year after the date of the enactment of this Act, and

"(2) any limitation described in section 6511(b)(2) of such Code shall not apply."

Pub L 118-148, § 3, 138 Stat 1675 (2024).

On April 8, 2025, Plaintiffs' licensed tax consultant called Defendant's Practitioner Specialist line and allegedly was told that Defendant "would follow federal law." (Compl at 4; Def's Mot Summ J at 9.)

On May 8, 2025, Plaintiffs mailed an amended 2021 Oregon return to Defendant, subtracting wildfire settlement payments from their taxable income and claiming a refund.

/ / /

(Compl at 4, Attachment E; Def's Mot Summ J at 1.)  Defendant denied Plaintiffs' refund claim. After a written objection, this appeal ensued.

## II.  ANALYSIS

At issue is whether Plaintiffs are entitled to a refund they claimed after the three-year period for claiming refunds described in ORS 314.415(2)(a) expired.  In their Complaint, Plaintiffs argue that their representative was misled about the deadline during her call to the Practitioner Specialist line.  In their Response to Defendant's Motion for Summary Judgment, Plaintiffs argue that they filed their refund claim within the period allowed by federal law and there are material facts in dispute.  The court first addresses Oregon's three-year limit on refund claims and then Plaintiffs' objections.

A.      *Three-Year Limit on Refunds Under ORS 314.415(2)*

ORS 314.415(2)(a) states:

> "*The department may not allow or make a refund after three years from the time the return was filed, or two years from the time the tax (or a portion of the tax) was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270.  In any case, if the original return is not filed within three years of the due date, excluding extensions, of the return, the department may allow or make a refund only of amounts paid within two years from the date of the filing of the claim for refund.  If a refund is disallowed for the tax year during which excess tax was paid for any reason set forth in this subsection, the department may not allow the excess as a credit against any tax occurring on a return filed for a subsequent year.*"

(Emphasis added.)  By its terms, the statute thus forbids Defendant from issuing refunds more than three years after a return is filed (or two years after the tax was paid) unless a refund claim is filed within that period.

As related above, SB 1520 (2024) extended Oregon's period for claiming wildfire-related refunds until May 15, 2025, for "tax years beginning on or after January 1, 2018, and before

January 1, 2021." Or Laws 2024, ch 50, § 5. Because 2020 was the last tax year beginning "before January 1, 2021," Oregon's wildfire extension does not apply to refunds for tax year 2021.

Here, Plaintiffs filed their original 2021 Oregon return on February 15, 2022, and there is no allegation that they paid 2021 tax at any later date. Thus, Plaintiffs' period for claiming a 2021 refund ended on Tuesday, February 18, 2025.[2] *See* ORS 314.415(2)(a). Plaintiffs claimed their refund in an amended return filed May 2025—more than two months after the refund period expired. Defendant is therefore barred from refunding Plaintiffs their claimed 2021 overpayment unless some other law intervenes.

B.      *Plaintiffs' Objections*

1.      *Federal Law*

Plaintiffs argue that Oregon should apply the same deadlines as the federal government. Plaintiffs cite no authority but allege that Oregon's different deadline "frustrates the coherence of federal conformity and leads to inconsistent administration." (Ptfs' Resp to Def's Mot Summ J at 2.)

While the Oregon legislature has stated an intent to make Oregon statutes generally follow "the provisions of the Internal Revenue Code [IRC] relating to the measurement of taxable income" and has enacted that intent by cross-referencing subsections (a) and (b), section 63 of the IRC, Oregon has not generally adopted federal deadlines for refund claims. *See* ORS 316.007; 316.022(6). IRC section 6511—the federal statute limiting refund claims— "is not a counterpart of the Oregon statute." *Utgard v. Comm'n*, 1 OTR 274, 282 (1963), aff'd, 236 Or

---

[2] February 15 of that year fell on a Saturday, and deadlines were further extended by the observance of Presidents Day on February 17.

596, 390 P2d 182 (1964) (holding federal rule allowing payment of tax to extend refund claim period not applicable absent provision in Oregon statute). For example, ORS 314.415(2)(a) computes the refund limitations period "excluding extensions," while IRC section 6511(b)(2)(a) specifically includes "any extension of time for filing the return." That "difference between the federal and state statutes of limitation" means a taxpayer who is eligible for a federal refund may be ineligible for an Oregon refund. *Webb v. Dept. of Rev.*, 19 OTR 20, 21 (2006) (so stating where taxpayer's federal extension did not extend Oregon period of limitation).

The court has no authority to impose a general "federal conformity" on Oregon law. Oregon tax law incorporates certain specific provisions of the IRC, but those do not include the provision governing the period for claiming tax refunds. The Oregon refund period is determined by ORS 314.415, not by IRC section 6511. Likewise, the federal extension for wildfire-related tax refunds would apply to Oregon refund claims only if adopted by Oregon law. That has not occurred; instead, Oregon enacted its own wildfire relief bill, with its own extended period of limitations.

The federal period of limitations for refund claims does not extend the period for Plaintiffs to claim an Oregon refund here.

2.    *Estoppel*

Plaintiffs asserted an estoppel argument in their Complaint based on allegedly misleading information received from Defendant. Plaintiffs' representative did not renew or develop that estoppel argument in Plaintiffs' response to Defendant's summary judgment motion, effectively abandoning it.

Nevertheless, it can briefly be noted that an estoppel claim could not succeed under these facts. Estoppel requires "(1) misleading conduct on the part of the department; (2) taxpayer's

good faith, reasonable reliance on that conduct; and (3) injury to taxpayer." *Webb*, 19 OTR at 23-24. Plaintiffs allege that Defendant stated it "would follow federal law." Aside from whether such a statement was misleading and whether it was reasonable for a tax professional to rely on it for computing a deadline, the timing of the conversation precludes the possibility of injury. Defendant allegedly made that statement in a telephone call on April 8, 2025, but Plaintiffs' deadline to claim a refund lapsed on February 18, 2025. Because Plaintiffs had already missed their deadline before they called Defendant, Plaintiffs were not injured by Defendant's conduct and cannot claim the benefit of estoppel. *See*, *e.g.*, *Waite Family Trust v. Clackamas County Assessor*, TC-MD 060672C, 2007 WL 1168720 at *4 (Or Tax M Div, Apr 10, 2007) ("estoppel cannot be applied when the misleading conduct occurs too late for the party asserting the claim to have relied to his or her detriment") (citing *Demco Dev. Corp. v. Dept. of Rev.*, 280 Or 117, 570 O.2d 64 (1977)) (holding department cannot be estopped to deny an appeal right that had already lapsed when allegedly misleading communication occurred).

3.     *Alleged Disputed Facts*

Plaintiffs assert in their response that summary judgment is improper because material facts are in dispute. They further argue that Defendant has not "sustain[ed] [its] burden on summary judgment" because its exhibits are not supported by declarations. (Ptfs' Resp to Def's Mot Summ J at 3.)

Although this case is in the Magistrate Division, the court applies the Regular Division rule on summary judgment to the extent relevant. *See* TCR-MD 13 B.[3] That rule is TCR 47.[4] TCR 47 C states, in pertinent part, that "[t]he court will grant the motion if the pleadings,

---

[3] Tax Court Rules – Magistrate Division (TCR-MD)

[4] Tax Court Rules (TCR)

depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Thus, the court may only grant summary judgment if "there is no genuine issue as to any material fact."

The following are alleged by Plaintiffs to be disputed facts:

"(i) whether Oregon must honor or align with the accepted federal amendment timing * * * given Oregon's reliance on the federal income tax base and amended federal determinations; (ii) whether [Defendant's] internal April 18, 2025 'filing date' has any legal effect on timeliness where both the IRS and [Defendant] accepted the amended returns in early May 2025; and (iii) whether [Defendant's] timeliness analysis accords with the burden and evidentiary standards at summary judgment under TCR 47."

(Ptfs' Resp to Def's Mot Summ J at 2.) Plaintiffs' reference to "evidentiary standards" under (iii) apparently refers to the lack of a declaration supporting Defendant's summary judgment exhibits.

Plaintiffs' first two disputed "facts" are actually legal arguments. The first "fact" is a legal question addressed above: Oregon need not and does not tie its period of limitations for refund requests to the federal deadline. Plaintiffs' second "fact" is also a legal question— whether Plaintiffs' deadline fell on April 18, 2025 (as erroneously asserted by Defendant in its motion) or at some later time. As shown above, Plaintiffs' actual deadline was February 18, 2025. The resolution to that question depended entirely on applying ORS 314.415(2) to a fact admitted by Plaintiffs: the date they filed their original return.

Plaintiffs' third disputed "fact" takes issue with Defendant's attachment of exhibits to its motion without a declaration.[5] Setting aside whether formal evidentiary rules are relevant or helpful here, Defendant's exhibits are not needed to establish any material facts. The relevant

---

[5] Defendant's attachments consist of an enrolled senate bill, a screenshot purportedly of Defendant's web site, an email from Plaintiffs' licensed tax consultant, and a copy of the written objection determination. Plaintiffs have not disputed the authenticity of any of those documents.

material facts are both admitted by Plaintiffs: the date on which Plaintiffs filed their original return, and the date on which they filed their amended return.  Plaintiffs have not shown any genuine issue of material fact.  *See* TCR 47 C.

### III.  CONCLUSION

The period for claiming Oregon refunds is governed by ORS 314.415, and the undisputed facts show that Plaintiffs filed their refund claim after that period expired.  Furthermore, estoppel is unwarranted because Plaintiffs were not injured by Defendant's acts.  Defendant is entitled to prevail as a matter of law.  *See* TCR 47 C.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment be granted and Plaintiffs' Complaint be dismissed.

_____

*To appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court. Appeals are accepted by electronic filing; by mail at 1163 State Street, Salem, OR 97301-2563; and by hand delivery to 1241 State Street, Salem, OR, Floor 4R.*

*Your complaint must be submitted within __60__ days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This Decision was signed by Magistrate Poul F. Lundgren and entered on July 24, 2026.*